IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

MICHAEL AALFS,
individually and on behalf of all others similarly situated,

Plaintiff,

v.

UNITED PARCEL SERVICE, INC.,
an Ohio Corporation,

Defendant.

---

**NOTICE OF REMOVAL**

---

Defendant United Parcel Service, Inc., an Ohio Corporation, ("UPS" or "Defendant"), pursuant to the Class Action Fairness Act of 2005 ("CAFA") 28 U.S.C. §§ 1332(d) and 1453, 28 U.S.C. § 1446(a) and D.C. Colo. L.Civ.R. 81.1, by its undersigned counsel, submits this Notice of Removal of the civil action described below to this Court from the District Court of Arapahoe County, Colorado, in which this action is now pending. Defendant denies the allegations and relief sought in the Complaint, and files this Notice of Removal without waiving any defenses, exceptions, or obligations that may exist in its favor. Defendant does not concede, and specifically reserves, its right to contest the suitability of this lawsuit for certification as a class action. Defendant will provide evidence to support the allegations of this pleading as required in the event a challenge is raised

1

to the Court's jurisdiction.[1]  Pursuant to 28 U.S.C. § 1446(d), copies of this Notice of Removal will be served upon counsel for Plaintiff Michael Aalfs, and filed with the Clerk of the District Court of Arapahoe County, Colorado, with proof of service, as an exhibit to a Notice of Filing of Notice of Removal.

In support of removal to this Court, Defendant states and alleges as follows:

### PROCEDURAL HISTORY AND TIMELINESS OF REMOVAL

1.  On January 4, 2021, Plaintiff filed his Individual and Class Action Complaint against Defendant in the District Court of Arapahoe County, Colorado (the "State Court Action").  *See* Complaint at p. 1, attached hereto as Exhibit A.  Copies of the Complaint, including the exhibits to the Complaint are attached as Exhibit A, and all other papers submitted or filed in the State Court Action are attached as Exhibit B.  No other pleadings or filings have been served on Defendant and, upon information and belief, as of the date of this Notice of Removal, no other pleadings or filings have been filed in the State Court Action other than those attached as Exhibit A and B.

2.  UPS was first served with the Summons and Complaint on January 12, 2021.  *See* Exhibit C, Notice of Service of Process.

3.  By effecting this removal, UPS consents to this Removal.  *See* 28 U.S.C. § 1446(b)(2)(A).  There are no other defendants who have been properly joined and served in this action.

---

[1]  A removing defendant is only required to provide a "short and plain statement" of the bases for removal and need not present or plead evidentiary detail.  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 83 (2014); *Hertz Corp. v. Friend*, 559 U.S. 77, 96-97 (2010) ("When challenged on allegations of jurisdictional facts, the parties [who assert jurisdiction] must support their allegations by competent proof.").

ACTIVE 55078901v3

4. UPS reserves all rights regarding personal jurisdiction, lack of service, improper or insufficient process of service, defenses to certification of this case as a class action, and all other defenses.

5. This Notice of Removal is being timely filed within the time prescribed in 28 U.S.C. § 1446(b), because it is being filed within 30 days of the receipt of the Summons and Complaint by Defendant.  *See* Exhibit C.

6. The District Court of Arapahoe County, Colorado is located within this judicial district, 28 U.S.C. § 85, and this Notice of Removal is therefore properly filed in this Court pursuant to 28 U.S.C. § 1441(a) and 1446(a).  Venue is also proper under 28 U.S.C. section 1391(b)(2) because a substantial part of the acts and omissions occurred in this district, as set forth in Plaintiff's Complaint.  *See generally* Complaint.

## THE COMPLAINT

7. As alleged in the Complaint, Plaintiff is a citizen of the State of Colorado who was hired by UPS and served as a regular, full-time package delivery driver.  *See* Complaint at ¶¶ 7 and 20.  UPS is an Ohio Corporation with a principal place of business at 55 Glenlake Parkway NE, Atlanta, Georgia 30328.  *See id.* at ¶ 8.

8. The Complaint alleges the putative Class Members are thousands of current and former regular and part-time UPS drivers within the State of Colorado.  *See id.* at ¶¶ 7, 10, 18, and 42.

9. Plaintiff alleges that Defendant denied Plaintiff and the putative Class Members 5-10 rest periods/breaks to which they are each allegedly entitled per week, and has thus

caused direct injury to him and to the putative Class Members. *See, e.g.*, *id*. at ¶¶ 2, 25, and 52.

10. Plaintiff also alleges that Defendant subjected Plaintiff to hostile treatment and undue scrutiny by allegedly writing him up and threatening to terminate his employment if he continued his attempts to take breaks, also causing injury to Plaintiff. *See id*. at ¶¶ 3, 4, 31, 33, 35, and 60.

11. The Complaint purports to state claims for (a) failure to provide paid rest periods in violation of Colorado Wage and Hour Law, Colo. Const. Art. XVIII § 15, C.R.S. § 8-4-101 *et seq.*, 7 C.C.R. 1103-1 on behalf of Plaintiff and the putative Class Members; and (b) retaliation in violation of Colorado Wage and Hour Law, C.R.S. § 8-4-120 on behalf of Plaintiff. *See id*. at ¶¶ 48-61.

12. Plaintiff seeks damages and other relief including declaratory relief, injunctive relief, back wages, statutory damages, statutory penalties, reasonable attorneys' fees, litigation costs and costs of administration on behalf of himself and the putative Class Members for alleged violations of the rest period requirements of the Colorado Wage and Hour Law. *See id*. at ¶ 5 and also Prayer for Relief at pages 10-11. Plaintiff further reserves the right to seek a service award for his service on behalf of the putative Class Members. *Id.* Plaintiff also seeks declaratory and injunctive relief in connection with his individual claim for retaliation. *Id.*

13. Specifically, as to the class claims, Plaintiff alleges that he was denied hundreds of compensated rest breaks during the relevant period, and, accordingly, is currently due $2,931.12 in back wages for the breaks that he was not provided, and that

this amount will continue to increase throughout the litigation. *See id.* at ¶¶ 37, 55. Plaintiff further contends that the "thousands" of putative Class Members are each due similar amounts. *See id*. at ¶¶ 38, 55. In addition to back wages, Plaintiff also seeks statutory damages and penalties for himself and the putative Class Members pursuant to C.R.S. § 8-4-109, as well as attorneys' fees and costs pursuant to C.R. S. § 8-4-119. *Id.* at 56.

14. Defendant disputes the Complaint's factual allegations, as well as its legal conclusions, and denies that Plaintiff or any of the putative Class Members have been harmed in any way.

## BASES FOR REMOVAL

### A.     Original Subject Matter Jurisdiction Under CAFA

15.  Removal is proper under CAFA, which grants District Courts original jurisdiction over putative class actions in which the amount in controversy exceeds $5 million and any member of the putative class is a citizen of a State different from any Defendant.  As set forth below, this action satisfies each of the requirements of 28 U.S.C. § 1332(d)(2) for original jurisdiction under CAFA.

### (1) Covered "Class Action" Under 28 U.S.C. § 1332(d)(1)(B)

16.  Without conceding that there is any merit to the Complaint's allegations or claims, this action meets the CAFA definition of a "class action" which provides that "the term 'class action' means any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by one or more representative persons as a class action."  28 U.S.C. §§

5

1332(d)(1)(B), 1453(a).  As noted in paragraphs 8 and 13 above, in addition to his own claims for relief in his own name, Plaintiff also seeks damages on behalf of a putative class that Plaintiff alleges consists of "thousands" of current and former regular and part-time UPS drivers within the State of Colorado under Colorado Rule of Civil Procedure 23.  *See* Complaint at ¶¶ 7, 10, 18, 42-47, and 55.

### (2) Class Action Consisting of More than 100 Members

17.  Plaintiff alleges there are thousands of current and former regular and part-time UPS drivers within the State of Colorado on whose behalf he seeks to bring this action in a representative capacity under Colorado Rule of Civil Procedure 23 and the Colorado Wage and Hour Law.  *See* Complaint at ¶¶ 7, 10, 18, 42-47, and 55.  Accordingly, the aggregate number of class members is greater than 100 persons for purposes of satisfying 28 U.S.C. § 1332(d)(5)(B).

### (3) Minimum Diversity of Citizenship Exists

18.  The required diversity of citizenship under CAFA is satisfied (a) where "any member of a class of plaintiffs is a citizen of a State different from any defendant" or (b) where "any member of a class of plaintiffs is a foreign state or a citizen or subject of a foreign state and any defendant is a citizen of a State," 28 U.S.C. § 1332(d)(2)(A) and (B), both of which are satisfied in this case.  As set forth in paragraph 7 above, Defendant is a citizen of Ohio and Georgia, Plaintiff is a Colorado citizen, and according to Plaintiff, the putative Class Members are citizens of the State of Colorado or numerous neighboring states other than Ohio and Georgia, thus satisfying the minimal diversity requirement of 28 U.S.C. § 1332(d)(2)(A).

### (4) Amount in Controversy Exceeds $5 Million

19. Under CAFA, the claims of the individual class members are aggregated to determine if the amount in controversy exceeds the required "sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. §§ 1332(d)(2), (d)(6). Without conceding any merit to the Complaint's allegations or claims, and as discussed in paragraphs 8 and 13 above, the amount in controversy here satisfies this jurisdictional threshold, as the damages sought by the putative Class Members are in excess of that amount.[2] Specifically, Plaintiff alleges that he is currently due $2,931.12 in back wages for rest breaks that he was allegedly not provided, and that that amount will continue to increase throughout the litigation. *See* Complaint at ¶¶ 37, 55. Plaintiff further contends that there are "thousands" of putative Class Members each of whom are due similar amounts. *See id*. at ¶¶ 7, 10, 18, 19, 55. Applying a conservative approach and assuming that the class of "thousands" consists of the smallest number of persons who fit that definition – 2,000 individuals – the amount in controversy alleged by Plaintiff for back wages alone (*ie.*, not even counting alleged statutory damages, statutory penalties or other amounts such as attorneys' fees) is (2,000) X ($2,931.12) = $5,862,240. Thus Plaintiff's own allegations puts more than $5MM in controversy.

---

[2] For purposes of a CAFA removal, the "amount in controversy . . . is not 'the amount the plaintiff will recover,' but rather 'an estimate of the amount that will be put at issue in the course of the litigation.'" *Frederick v. Hartford Underwriters Ins. Co.*, 683 F.3d 1242, 1245 (10th Cir. 2012) (quoting *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008)). *See also Hammond v. Stamps.com, Inc.*, 844 F.3d 909, 912-13 (10th Cir. 2016) (Gorsuch, J.)

ACTIVE 55078901v3

20. Defendant notes that Plaintiff seeks to avoid removal by citing in his Complaint to the case of *Hession v. Quality Custom Distr. Servs., Inc.*, No. 18-cv-1867, 2018 WL 5792633 (D. Colo. Nov. 5, 2018) for the proposition that courts may not consider putative class members' damages in determining the amount in controversy for removal. *See* Complaint at ¶ 13. *Hession*, however, involved removal under the complete diversity statute, (28 U.S.C. § 1332(a)) not under CAFA. In contrast, and as both the United States Supreme Court and the Tenth Circuit have recognized, CAFA expressly permits a defendant to aggregate putative class members' damages. *See* 28 U.S.C. § 1332(d)(6) ("In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs."); *see, e.g.*, *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013) ("To 'determine whether the matter in controversy' exceeds [$5 million], 'the claims of the individual class members shall be aggregated.' And those 'class members' include 'persons (named or unnamed) who fall within the definition of the proposed or certified class.'") (citations omitted); *Hammond v. Stamps.com, Inc.*, 844 F.3d 909, 912-13 (10th Cir. 2016) (Gorsuch, J.) (aggregating putative class's damages and finding the $5 million amount-in-controversy requirement satisfied). Plaintiff's citation to *Hession* is thus inapposite.

### (5) No Exceptions to Jurisdiction Under CAFA Apply

21. No exceptions to jurisdiction under CAFA, 28 U.S.C. §§ 1332(d)(4) and (5), apply because UPS is not a citizen of the State of Colorado, and the putative class in the aggregate is more than 100.

8

## RESERVATION OF DEFENSES AND RIGHTS

22. As of the date of the filing of this Notice of Removal, no further proceedings have been had in the State Court Action, and no hearings have been scheduled.

23. Defendant reserves all defenses, including, but not limited to lack of personal jurisdiction, insufficient process, service of process and all defenses to liability and class certification. In addition, Defendant does not concede that Plaintiff states any claim for relief, or that Plaintiff would be entitled to any relief. Nonetheless, the Plaintiff's claim, "whether well or ill-founded in fact, fixes the right of the defendant to remove." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 202 U.S. 283, 294 (1938).

24. Defendant reserves the right to amend or supplement this Notice of Removal as necessary.

WHEREFORE, Defendant gives notice that the above-described action pending against it in the District Court of Arapahoe County, Colorado is properly removed to this Court.

Respectfully submitted this 11th day of February, 2021.

*s/ Naomi G. Beer*
Naomi G. Beer
Kimberley Neilio
GREENBERG TRAURIG, LLP
1144 15th Street, Suite 3300
Denver, CO 80202
303-572-6500 – Telephone
303-572-6540 – Fax
Email: beern@gtlaw.com; neiliok@gtlaw.com

ATTORNEYS FOR DEFENDANT UNITED PARCEL SERVICE, INC.

ACTIVE 55078901v3