# EXHIBIT A

**FORM 1.2. DISTRICT COURT CIVIL (CV) CASE COVER SHEET FOR INITIAL PLEADING OF COMPLAINT, COUNTERCLAIM, CROSS-CLAIM OR THIRD-PARTY COMPLAINT AND JURY DEMAND**

DATE FILED: January 4, 2021 5:23 PM
FILING ID: A0DCA1167E3C
CASE NUMBER: 2021CV30008

| | |
|---|---|
| District Court, Arapahoe County, Colorado<br>Arapahoe County Justice Center<br>7325 South Potomac Street<br>Centennial, Colorado 80012 | |
| **Plaintiff:**<br><br>MICHAEL AALFS, individually and on behalf of all others similarly situated,<br><br>v.<br><br>**Defendant:**<br><br>UNITED PARCEL SERVICE, INC.,<br>an Ohio corporation, | ▲ COURT USE ONLY ▲ |
| Attorneys: Shelby Woods #48606<br>         Claire Hunter, #39504<br>Address:  HKM Employment Attorneys, LLP<br>         730 17th Street, Suite 750<br>         Denver, CO 80202<br>Phone No.: 720.668.8989<br>E-mail:   swoods@hkm.com<br>         chunter@hkm.com | Case Number:<br><br>Ctrm.:           Div.: |

**DISTRICT COURT CIVIL (CV) CASE COVER SHEET FOR INITIAL PLEADING OF A CLASS ACTION COMPLAINT, COUNTERCLAIM, CROSS-CLAIM OR THIRD-PARTY COMPLAINT AND JURY DEMAND**

1. This cover sheet shall be filed with the initial pleading of a complaint, counterclaim, cross-claim or third-party complaint in every district court civil (CV) case. It shall not be filed in

Domestic Relations (DR), Probate (PR), Water (CW), Juvenile (JA, JR, JD, JV), or Mental Health (MH) cases. Failure to file this cover sheet is not a jurisdictional defect in the pleading but may result in a clerk's show cause order requiring its filing.

2. Simplified Procedure under C.R.C.P. 16.1 **applies** to this case **unless** (check one box below if this party asserts that C.R.C.P. 16.1 **does not** apply):

   q  This is a class action, forcible entry and detainer, Rule 106, Rule 120, or other similar expedited proceeding, **or**

   ☑  This party is seeking a monetary judgment against another party for more than $100,000.00, including any penalties or punitive damages, but excluding attorney fees, interest and costs, as supported by the following certification:

   By my signature below and in compliance with C.R.C.P. 11, based upon information reasonably available to me at this time, I certify that the value of this party's claims against one of the other parties is reasonably believed to exceed $100,000."

   **Or**

   q  Another party has previously filed a cover sheet stating that C.R.C.P. 16.1 does not apply to this case.

3. ☐ This party makes a **Jury Demand** at this time and pays the requisite fee. See C.R.C.P. 38. (Checking this box is optional.)

Date: **January 4, 2021**          *s/ Shelby Woods*
                                    **Signature of Party or Attorney for Party**

**NOTICE**
This cover sheet must be served on all other parties along with the initial pleading of a complaint, counterclaim, cross-claim, or third-party complaint.

| | |
|---|---|
| District Court, Arapahoe County, Colorado<br>Arapahoe County Justice Center<br>7325 South Potomac Street<br>Centennial, Colorado 80012 | DATE FILED: January 4, 2021 5:23 PM<br>FILING ID: A0DCA11167E3C<br>CASE NUMBER: 2021CV30008 |
| **MICHAEL AALFS,**<br>**individually and on behalf of all others**<br>**similarly situated,**<br><br>    Plaintiff,<br><br>v.<br><br>**UNITED PARCEL SERVICE, INC.,**<br>**an Ohio corporation,**<br><br>    **Defendant.** | COURT USE ONLY |
| Adam M. Harrison, Atty Reg. 50553<br>THE SAWAYA & MILLER LAW FIRM<br>1600 Ogden Street<br>Denver, Colorado 80218<br>Phone: (303) 551-7691<br>Facsimile : (303) 303-7102<br>AHarrison@sawayalaw.com<br>*Attorney for the Plaintiff* | Case No:<br><br>Division: |
| **INDIVIDUAL AND CLASS ACTION COMPLAINT** ||

The Plaintiff, Micahel Aalfs ("Aalfs"), individually and on behalf of all others similarly situated, by and through the undersigned counsel from the Sawaya & Miller Law Firm and HKM Employment Attorneys LLP, pursuant to Article XVIII, Section 15 of the Colorado Constitution, the Colorado Wage Act, C.R.S. § 8-4-101 et seq., the applicable Colorado Minimum Wage Orders, 7 C.C.R. 1103-1 (2017-19), and the applicable Colorado Overtime and Minimum Pay Standards ("COMPS") Orders (2020) (collectively,

1

"Colorado Wage and Hour Law"), as his Individual and Class Action Complaint against the Defendant, United Parcel Service, Inc., an Ohio Corporation ("UPS"), states as follows:

## NATURE OF THE CASE

1. Under Colorado Wage and Hour Law, employers must authorize and permit their employees to take compensated 10-minute rest periods/breaks for every four hours, or major fraction of four hours, that the employees work. 7 C.C.R. 1103-1:8 (2017-19); 7 C.C.R. 1103-1, Rule 5 (2020). An employer who violates this requirement is liable to the affected employees for 10 minutes of wages for each rest period/break that was not provided. 7 C.C.R. 1103-1, Rule 5.2.4 (2020).

2. Aalfs alleges that UPS violated his rights, and the rights of other individuals who were employed by UPS as regular (as opposed to seasonal) full-time and part-time drivers ("Class Members") during the period from December 16, 2017 to the present ("Relevant Period") by failing to provide them with rest periods. At all times during the Relevant Period, UPS had a policy or practice of allowing Class Members to take only one compensated rest period/break per shift, regardless of the number of hours they worked.

3. Aalfs challenged UPS's policy/practice and sought to take two rest breaks during an eight-hour shift. UPS retaliated against Aalfs for trying to exercise his rights under Colorado Wag and Hour Law by subjecting him to hostile treatment, undue scrutiny, and a write-up on October 21, 2021. UPS then threatened to terminate Aalfs if he attempted to take two breaks one more time.

4. Aalfs alleges that UPS's conduct in writing him up constitutes retaliation in violation of Colorado Wage and Hour Law. C.R.S. § 8-4-120.

5. Aalfs seeks declaratory relief, injunctive relief, back wages, statutory damages, statutory penalties, reasonable attorney's fees, litigation costs, and costs of administration for himself and the other Class Members for UPS's violations of the rest period requirements of Colorado Wage and Hour Law. Aalfs also reserves the right to seek an appropriate service award for his time and efforts on behalf of the Class Members.

6. Aalfs also seeks declaratory and injunctive relief for UPS's retaliation against him in violation of Colorado Wage and Hour Law.

## PARTIES

7. Plaintiff Michael Aalfs is a Colorado resident who resides at 1811 South Quebec Way #4, Denver, Colorado 80231. He is a current employee of UPS who seeks to represent a Class consisting of thousands of current and former regular and part-time UPS drivers.

8. Defendant United Parcel Service, Inc. is an Ohio corporation with its principal place of business at 55 Glenlake Parkway, NE, Atlanta, Georgia 30328 that is principally engaged in the business of package delivery.

9. At all times during the Relevant Period, UPS did business as part of Colorado's "Retail and Service" industry under Colorado Wage and Hour Law. *See* 7 C.C.R. 1103-1 §§ 1, 2(A) (2017-19).

10. At all times relevant to this Complaint, Aalfs and the Class Members were "employees" of UPS under Colorado Wage and Hour Law. C.R.S. § 8-4-101(5); 7 C.C.R. 1103-1:2 (2017-19); 7 C.C.R. 1103-1, Rule 1.5 (2020).

## JURISDICTION AND VENUE

11. The Plaintiff hereby incorporates the allegations in each of the foregoing paragraphs as though fully set forth herein.

12. This Court has sole original jurisdiction over this civil action pursuant to Article 6 § 9(1) of the Colorado Constitution. The claims of Aalfs and the Class Members arise under Colorado Wage and Hour Law.

13. The amount that is in controversy currently consists of Aalfs' back wages, statutory damages and penalties, reasonable attorney's fees and costs. *See Hession v. Quality Custom Distribution Servs., Inc.*, No. 18-CV-01867-RBJ, 2018 WL 5792633, at *1 (D. Colo. Nov. 5, 2018) (rejecting defendants' argument that the court should consider putative class members' damages as part of amount in controversy and remanding case to Colorado state court). During this action, the Plaintiff will also seek certification of the Class and damages on behalf of the Class Members.

14. Venue is proper under C.R.C.P. 90(c) because UPS's registered agent, Corporation Service Company, is located at 1900 W. Littleton Boulevard, Littleton, Colorado 80120.

3

## **FACTUAL ALLEGATIONS**

### A. GENERAL ALLEGATIONS

15. The Plaintiff hereby incorporates the allegations in each of the foregoing paragraphs as though fully set forth herein.

16. UPS is a multinational corporation that is engaged in the package delivery business.

17. At all times during the Relevant Period, UPS was part of Colorado's retail and service industry.

18. During the Relevant Period, UPS employed thousands of individuals as regular (as opposed to seasonal) full-time and part-time drivers ("Class Members").

19. The Class Members did not generally cross state lines in the course of their work during the Relevant Period. They drove and delivered packages entirely, or almost entirely, within the State of Colorado.

20. Aalfs was hired by UPS to work as a regular, full-time driver in July 2019.

21. Aalfs was hired by UPS as an hourly employee. His current hourly wage rate is $21.25.

22. During the Relevant Period, Aalfs generally worked 50-60 hours per week.

23. Aalfs generally worked 8-12 hours per shift. Accordingly, he should be authorized and permitted to take at least two compensated rest periods per shift, and at least ten rest periods/breaks per week.

24. At all times during the Relevant Period, UPS maintained a policy or practice of authorizing and permitting Class Members to take only one compensated rest period/break per shift, regardless of the number of hours that they worked.

25. As a result of UPS's policy/practice, Aalfs and the other Class Members are generally prevented from taking 5-10 rest periods/breaks to which they are entitled per week.

26.     On October 6, 2020, Aalfs contacted the Colorado Department of Labor and Employment, Division of Labor Standards and Statistics ("DLSS"), and inquired whether UPS drivers were covered by the rest period requirements of COMPS Order No. 36.

27.     DLSS Compliance investigator Peter Ludwig responded to Aalfs' inquiry by stating that UPS drivers were covered by the rest period requirements of the COMPS Order.

28.     On October 8, 2020, Aalfs took two compensated 10-minute rest breaks based on the information he received from the DLSS.

29.     The following day, Supervisor Corby Young ("Young") told Aalfs that he was not permitted to take two 10-minute rest breaks, and that he must only take one rest break.

30.     Aalfs complained to Young that UPS's policy violated Colorado law.

31.     Immediately thereafter, Young and UPS began to subject Aalfs to hostile treatment. They scheduled him to work shifts that he did not normally work, only to tell him when he arrived that he was not needed. He was repeatedly sent home without pay after being scheduled to work.

32.     UPS gave routes that should have been given to Aalfs to drivers with lower seniority.

33.     UPS also subjected Aalfs to higher scrutiny than other drivers.

34.     On October 21, 2020, UPS wrote up Aalfs for taking two rest breaks in one shift.

35.     In conjunction with the write up, UPS's Center Manager, Kami, told Aalfs "if it happens again it will be termination automatically because it's stealing time."

36.     Under Colorado Wage and Hour Law, Aalfs and the other Class Members are entitled to compensation at their hourly wage rates for every compensated 10-minute rest period that UPS did not authorize and permit them to take.

37.     Aalfs estimates that he was denied approximately 720 compensated rest breaks. Accordingly, he is currently due $2,931.12 in back wages for the breaks that he was not provided. This amount will continue to increase throughout this litigation as he is denied more breaks.

38. Based on his knowledge of the policies and practices at UPS in Colorado and his observations in the workplace, Aalfs believes the other Class Members are due similar amounts.

39. Through this Complaint, Aalfs demands that UPS immediately pay him the $2,931.12 of back wages that is due to him, and that it pay each and every Class Member ten minutes of wages for each and every rest period/break that they were not provided during the Relevant Period.

40. At all times during the Relevant Period, UPS was advised by competent attorneys and human resources professionals and was aware, or should have been aware, of the rest period requirements of Colorado Wage and Hour Law, but nevertheless failed to provide Aalfs and the Class Members with rest periods/breaks required by Law.

### B. CLASS ALLEGATIONS

41. The Plaintiff hereby incorporates the allegations in each of the foregoing paragraphs as though fully set forth herein.

42. In addition to bringing his claims individually, Aalfs also brings this case as a class action under C.R.C.P. 23 on behalf of the following Class Members:

> All individuals who worked for UPS as regular full-time and/or part time drivers in Colorado from December 16, 2017 to the present.

43. The Class satisfies the prerequisites and requirements of C.R.C.P. 23 because:

   a. The Class consists of thousands of employees. Joinder of all such employees is impracticable;

   b. There are questions of law and fact that are common to the Class, which questions predominate over issues affecting only individual Class Members, including:

      i. Whether UPS had a policy or practice of failing to provide compensated 10-minute rest breaks to the Class Members for every four hours, or major fractions of four hours, worked by the Class Members;

      ii. Whether UPS's policy or practice violated Colorado Wage and Hour Law;

      iii. The nature of the damages due to Class Members for UPS's violations of Colorado Wage and Hour Law; and

      iv. Whether UPS's violations of Colorado Wage and Hour Law were willful.

  c. Aalfs' claims are typical of the Class Members' claims in that he was not authorized or permitted to take a 10-minute rest break for every four hours, or major fractions of four hours, that he worked.

  d. Aalfs will fairly and adequately protect the interests of the Class. He has retained counsel that is experienced in wage and hour class litigation. Aalfs and his counsel are free from any conflicts of interest that might prevent them from pursuing this action on behalf of the Class.

44. The prosecution of this case as a class action is superior to other methods of adjudication. The prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudications which would establish incompatible standards of conduct for UPS.

45. Adjudications with respect to individual Class Members would as a practical matter be dispositive to the interests of the other Class Members or substantially impair or impede their ability to protect their interests.

46. Moreover, UPS has acted on grounds generally applicable to the Class.

47. On information and belief, no Class Member has expressed any interest in controlling the prosecution of a separate action or commenced their own litigation.

//

//

## COUNT I:

### FAILURE TO PROVIDE PAID REST PERIODS IN VIOLATION OF COLORADO WAGE AND HOUR LAW

Colo. Const. Art. XVIII § 15
C.R.S. § 8-4-101 et seq.
7 C.C.R. 1103-1

*On Behalf of Aalfs and the Class Members*

48. The Plaintiff hereby incorporates the allegations in each of the foregoing paragraphs as though fully set forth herein.

49. At all times during the Relevant Period, UPS was an "employer" covered by Colorado Wage and Hour Law. C.R.S. § 8-4-101(6); 7 C.C.R. 1103-1:1, 1;2 (2017-19); 7 C.C.R. .1103-1, Rule 1.6 (2020).

50. At all times during the Relevant Period, Aalfs and the Class Members were "employees" of UPS under Colorado Wage and Hour Law. C.R.S. § 8-4-101(5); 7 C.C.R. 1103-1:2 (2017-19); 7 C.C.R. 1103-1, Rule 1.5 (2020).

51. Under Colorado Wage and Hour Law, UPS was required to authorize and permit Aalfs and the Class Members to take compensated 10-minute rest periods/breaks for every four hours, or major fraction of four hours, that they worked. 7 C.C.R. 1103-1:8 (2017-19); 7 C.C.R. 1103-1, Rule 5 (2020). An employer who violates this requirement is liable to the affected employees for 10 minutes of wages for each rest period/break that was not provided. 7 C.C.R. 1103-1, Rule 5.2.4 (2020); *see Pilmenstein v. Devereux,* No. 17CV30319, Order: Legal Issues (Jefferson Co. Dist. Ct. Sept. 5, 2019); *Sobolewski v. Boselli & Sons, LLC*, 342 F. Supp. 3d 1178, 1184 (D. Colo. 2018); *see also* CDLE *Info #4*, https://cdle.colorado.gov/sites/cdle/files/INFO%20%234_%20Meal%20and%20Rest%20Periods_0.pdf

52. UPS violated his rights, and the rights of the other Class Members by failing to provide them with rest periods. At all times during the Relevant Period, UPS had a policy or practice of allowing Class Members to take only one compensated rest period/break per shift, regardless of the number of hours they worked.

53. Because UPS was aware, or should have been aware, of the rest period requirements of Colorado Wage and Hour Law at all times during the Relevant Period, its violations of Colorado Wage and Hour Law were willful.

54. Based on UPS's violations of Colorado Wage and Hour Law, Aalfs and the other Class Members are entitled to compensation at their hourly wage rates for every compensated 10-minute rest period that UPS did not authorize and permit them to take.

55. Aalfs estimates that he was denied approximately 400 compensated rest breaks during the Relevant Period. Accordingly, he is currently due $2,931.12 in back wages for the breaks that he was not provided. The other Class Members are due similar amounts.

56. In addition, to the extent that UPS does not pay the demand set forth in this Complaint to Aalfs and the Class Members within 14 days of being served, UPS is also liable for statutory damages and penalties under C.R.S. § 8-4-109, as well as attorney's fees and costs under C.R.S. § 8-4-110.

## COUNT II:

### RETALIATION IN VIOLATION OF COLORADO WAGE AND HOUR LAW

### C.R.S. § 8-4-120

57. The Plaintiff hereby incorporates the allegations in each of the foregoing paragraphs as though fully set forth herein.

58. Under Colorado Wage and Hour Law, "No employer shall intimidate, threaten, restrain, coerce, blacklist, discharge, or in any manner discriminate against any employee who has filed any complaint or instituted or caused to be instituted any proceeding under this article or related law or who has testified or may testify in any proceeding on behalf of himself, herself, or another regarding afforded protections under" the Colorado Wage Act. C.R.S. § 8-4-120.

59. Aalfs engaged in protected activity under Colorado Wage and Hour Law when he sought to assert his right to take rest periods/breaks, and when he complained to UPS that its policy violated Colorado law.

60. UPS discriminated against Aalfs for engaging in this protected activity by subjecting him to hostile treatment and undue scrutiny that other UPS drivers did not experience. UPS further retaliated against Aalfs by writing him up and threatening to terminate his employment if he continued his attempts to take the breaks to which he was legally entitled.

61. By discriminating against Aalfs because of his protected activity, UPS violated C.R.S. § 8-4-120, and thus committed a crime punishable by "a fine of not more than five hundred dollars, or by imprisonment in the county jail for not more than sixty days, or by both such fine and imprisonment."

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, individually and on behalf of the Class Members, respectfully asks that the Court enter judgment against the Defendant and award the Plaintiff and the Class Members:

A. As soon as practicable, certification of this case as a class action under C.R.C.P. 23, appointment of the Plaintiff as class representative and the undersigned attorneys from the Sawaya & Miller Law Firm and HKM Employment Attorneys, LLP as class counsel, and notice of the action to all Class Members;

B. A declaratory judgment condemning the Defendant's willful violations of Colorado Wage and Hour Law;

C. A preliminary injunction prohibiting the Defendant from continuing its illegal wage and hour policies and practices;

D. A permanent injunction prohibiting the Defendant from continuing its illegal wage and hour policies and practices;

E. Monetary damages compensating the Plaintiff and the Class Members for each 10-minute rest period that was not provided;

F. All applicable statutory damages and penalties provided under Colorado Wage and Hour Law;

G. Service payments to the Plaintiff for his services to the Class Members;

H. Reasonable attorney's fees incurred in bringing this action;

I. The costs of this action;

J. An order requiring the Defendants to pay the costs of administering any and all payments awarded to the Class Members by the Court; and

K. Any other and further relief that may be equitable and just.

Respectfully submitted,

/s/ *Adam M. Harrison*

David H. Miller (8405)
Adam M. Harrison (50553)
**Sawaya & Miller Law Firm**
1600 Ogden Street
Denver, Colorado 80218
720.527.4369
aharrison@sawayalaw.com

/s/ *Shelby Woods*

Shelby Woods
**HKM Employment Attorneys LLP**
730 17th Street, Suite 750
Denver, Colorado 80202
swoods@hkm.com

*Attorneys for Plaintiff Michael Aalfs individually and on behalf of all others similarly situated*

| | |
|---|---|
| District Court, Arapahoe County, Colorado<br>Arapahoe County Justice Center<br>7325 South Potomac Street<br>Centennial, Colorado 80012 | DATE FILED: January 4, 2021 5:23 PM<br>FILING ID: A0DCA11167E3C<br>CASE NUMBER: 2021CV30008 |
| **MICHAEL AALFS,**<br>**individually and on behalf of all others**<br>**similarly situated,**<br><br>v.<br><br>**Defendant:**<br><br>**UNITED PARCEL SERVICE, INC., an Ohio corporation,** | |
| Attorney: Claire E. Hunter, #39504<br>          Shelby Woods, #48606<br>Address:  HKM Employment Attorneys LLP<br>          730 17th Street, Suite 750<br>          Denver, CO 80202<br>Phone No.: 720.668.8989<br>E-mail:    chunter@hkm.com<br>          swoods@hkm.com | ▲ **COURT USE ONLY** ▲<br><br>**Case Number:**<br><br>**Ctrm.:**           **Div.:** |
| **DISTRICT COURT CIVIL SUMMONS** ||

**TO THE ABOVE-NAMED DEFENDANT:**

United Parcel Service, Inc.
55 Glenlake Parkway, NE
Atlanta, Georgia 30328

**YOU ARE HEREBY SUMMONED** and required to file with the Clerk of this Court an answer or other response to the attached Complaint. If service of the Summons and Complaint was made upon you within the State of Colorado, you are required to file your answer or other response within 21 days after such service upon you. If service of the Summons and Complaint was made upon you outside of the State of Colorado, you are required to file your answer or other response within 35 days after such service upon you. Your answer or counterclaim must be accompanied with the applicable filing fee.

1

JDF 600 R10-13   DISTRICT COURT CIVIL SUMMONS
©2013 Colorado Judicial Department for use in the Courts of Colorado

If you fail to file your answer or other response to the Complaint in writing within the applicable time period, the Court may enter judgment by default against you for the relief demanded in the Complaint without further notice.

Dated: January 4, 2021            s/ Shelby Woods
                                  Signature of Plaintiff

                                  HKM Employment Attorneys LLP
                                  Address of Plaintiff

                                  730 17th Street, Suite 750, Denver, CO 80202

                                  720.668.8989
                                  Plaintiff's Phone Number

**This Summons is issued pursuant to Rule 4, C.R.C.P., as amended. A copy of the Complaint must be served with this Summons. This form should not be used where service by publication is desired.**

**WARNING:** A valid summons may be issued by a lawyer and it need not contain a court case number, the signature of a court officer, or a court seal. The plaintiff has 14 days from the date this summons was served on you to file the case with the court. You are responsible for contacting the court to find out whether the case has been filed and obtain the case number. If the plaintiff files the case within this time, then you must respond as explained in this summons. If the plaintiff files more than 14 days after the date the summons was served on you, the case may be dismissed upon motion and you may be entitled to seek attorney's fees from the plaintiff.

TO THE CLERK: If the summons is issued by the clerk of the court, the signature block for the clerk or deputy should be provided by stamp, or typewriter, in the space to the left of the attorney's name.